```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------  X
                                                                   :
THOMAS DEVITT,                                                     :   21-CV-5657 (ARR) (ARL)
                                                                   :
                      Plaintiff,                                   :   NOT FOR ELECTRONIC
                                                                   :   OR PRINT PUBLICATION
        -against-                                                  :
                                                                   :   MEMORANDUM AND
PORTFOLIO RECOVERY ASSOCIATES, LLC,                                :   ORDER
                                                                   :
                      Defendant.                                   :
                                                                   :
-----------------------------------------------------------------  X
```

ROSS, United States District Judge:

Plaintiff, Thomas Devitt, originally brought this action in the District Court, Nassau County, alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), and New York General Business Law ("NYGBL") § 349. Defendant Portfolio Recovery Associates, LLC ("PRA") removed the action to this Court. Not. Removal, ECF No. 1. Now before the Court is plaintiff's motion to remand the action to state court. *See* Not. Mot. Remand, ECF No. 11; Mem. Supp. Not. Mot. Remand, ECF No. 12. For the reasons stated below, I grant plaintiff's motion.

Plaintiff alleges defendant "utilize[d] a third-party vendor" to prepare and mail written correspondence that "conveyed information" regarding, *inter alia*, "[p]laintiff's status as a debtor, the precise amount of the alleged Debt, [and] the entity to which [p]laintiff allegedly owed the debt." Compl. ¶¶ 64–67. Plaintiff alleges that he "never consented to [d]efendant's communication with the third-party vendor" concerning "the alleged debt" or "[p]laintiff's personal and/or confidential information." *Id.* ¶¶ 94–95. Plaintiff further alleges that "[d]efendant's allegation that [p]laintiff owed the Claimed Amount is a false, deceptive, and/or

1

misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e." *Id.* ¶ 126. For the reasons set forth in *Cavazzini v. MRS Assocs.*, No. 21-CV-5087 (ARR), 2021 WL 5770273 (E.D.N.Y. Dec. 06, 2021) (attached), plaintiff's allegations do not allege any injury in fact meriting Article III standing. *See also In re FDCPA Mailing Vendor Cases*, Nos. 21-CV-2312, 21-CV-2587, 21-CV-3002, 21-CV-3383, 21-CV-3434 & 21-CV-3462 (GRB), 2021 WL 3160794, at *5–7 (E.D.N.Y. July 23, 2021) (same). Thus, this Court lacks subject matter jurisdiction over this matter, and it must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("In any case removed from a state court," "[i]f at any time before final judgment[,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant argues that if plaintiff lacks standing in federal court, plaintiff must lack standing in New York state court as well. Opp. Mot. Remand 6–7. Although New York law also requires a plaintiff to allege an injury in fact, the case or controversy requirement on which the federal standing rule is grounded "has no analogue in the [New York] State Constitution." *Soc'y of Plastics Indus., Inc. v. Cty. of Suffolk*, 573 N.E.2d 1034, 1040 (N.Y. 1991); *see also Manning v. Pioneer Savs. Bank*, 55 N.Y.S.3d 587, 589 (N.Y. Sup. Ct. 2016) (same); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 996 N.Y.S.3d 476, 485 (N.Y. Sup. Ct. 2014) (same), *aff'd as modified sub nom. Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.D.r.l.*, 37 N.Y.S.3d 505, 507–08 (N.Y. App. Div. 2016). Indeed, one of the cases cited by defendant acknowledges that, because New York courts are not bound by the federal case or controversy standard, New York's standing requirements are not as "strong" as the federal requirements. *See Manning*, 55 N.Y.S.3d at 593. Moreover, no New York court has yet cited *Transunion LLC v. Ramirez*, 141 S. Ct. 2190, much less adopted its rule that to establish a concrete injury supporting standing for a federal statutory claim, plaintiffs must identify a common-law analogue for their asserted injury. In any

event, it would be inappropriate for this Court to decide the scope of New York's law on standing. *See Luisi v. Portfolio Recovery Assocs., LLC*, No. 21-CV-5725 (GRB), slip op. (E.D.N.Y. Nov. 16, 2021) ("'It is not the province of this Court to decide the scope of New York's law on standing.'"). Therefore—and in the absence of further guidance post-*Transunion*—there is no compelling reason to doubt that New York state courts will have jurisdiction over both plaintiff's FDCPA and NYGBL claims.[1] *See id.* (rejecting similar arguments against remand).

For these reasons, the matter is hereby remanded to the District Court, Nassau County. The clerk is directed to close the case.

SO ORDERED.

                                                          /s/
                                                      Allyne R. Ross
                                                      United States District Judge

Dated:      May 9, 2022
              Brooklyn, New York

---

[1] Indeed, the authorities cited by defendant are of little help because in both cases the court found the plaintiff lacked standing for reasons unrelated to the issue here. *See Manning*, 55 N.Y.S.3d 593 (finding no standing where plaintiffs merely alleged "speculative future risks that [the] [p]laintiffs [would] be victims of identity theft"); *Cortlandt St. Recovery Corp.*, 996 N.Y.S.3d at 486 (finding no standing where the plaintiff's claim was based on an assignment that was merely for a right of collection, not of title to the claims, and therefore did not confer a right to sue).